## IN THE UNITED STATES DISCTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN HOPKINS<br>273 West Seven Stars Road<br>Phoenixville, PA 19460 | :<br>:<br>: | CIVIL ACTION |
| | : | NO.: _____ |
| Plaintiff, | :<br>: | **JURY TRIAL DEMANDED** |
| v. | :<br>: | |
| LEXISNEXIS RISK SOLUTIONS, INC.<br>d/b/a LexisNexis<br>1000 Alderman Drive<br>Alpharetta, GA 30005 | :<br>:<br>:<br>: | |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by John Hopkins (hereinafter referred to as "Plaintiff," unless indicated otherwise) against LexisNexis Risk Solutions, Inc., d/b/a LexisNexis. (hereinafter referred to as "Defendant") for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*) and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes. Plaintiff's claims were dual filed with the PHRC, but will not administratively exhaust until they have been pending for 1-year. Plaintiff is required to file the instant lawsuit in advance, as he has been issued his right-to-sue letter from the EEOC. Plaintiff intends to amend his complaint to include PHRA claims once those claims are administratively exhausted.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. There would alternatively lie jurisdiction pursuant to 28 U.S.C. § 1332 because: (a) Plaintiff is a resident, domiciliary and citizen of Pennsylvania; (b) Defendant is a resident and citizen of Georgia and/or Massachusetts; (c) Plaintiff seeks in excess of $75,000.00, exclusive of costs and interest; and (d) there is complete diversity of parties.

4. This Court may properly maintain personal jurisdiction over Defendant because of its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

5. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

8. Defendant is a global data and analytics company that provides data and technology services, analytics, predictive insights and fraud prevention for a wide range of industries.

9. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff was 67 years old at the time of his unlawful termination from Defendant on or about October 7, 2022 (discussed further *infra*).

12. Plaintiff was hired by Defendant in or about May of 2011, worked and was based from 2520 Renaissance Blvd, Suite 100, King of Prussia, PA 19406.

13. Plaintiff performed the role of inside salesperson.

14. In total, Plaintiff was employed with Defendant for approximately 10.5 years (until his termination on or about October 7, 2022).

15. As of Plaintiff's termination, Plaintiff was supervised by Andrea Parks (a Vice President) and indirectly to Parks' manager - Joe Finazzo (Director of Sales / Vice President).

16. Towards the end of his employment with Defendant, Plaintiff was subjected to discriminatory treatment based on his advanced age, specifically by Parks.

17. Prior to late 2021, Plaintiff was perceived as a stellar employee with a good history of positive performance evaluations. Indeed, Plaintiff worked hard and produced good results.

18. From late 2021 through mid-2022, however, Plaintiff was repeatedly placed on performance improvement plans (or had them extended – a/k/a "PIP").

19. Plaintiff was meeting his sales goals and doing a very good job, but Defendant was looking for any rationale to terminate him (and kept documenting Plaintiff's personnel file with unjustified PIPs).

20. Not intended to be an exhaustive list, unlike his younger coworkers, Plaintiff was:

(a) not sent to Defendant's headquarters for training;

(b) not given leads sheets;

(c) was made to cold call to obtain business; and

(d) treated disparately in <u>many</u> other ways (including as to a continual condescending attitude).

21. It was so blatant that Plaintiff complained of age discrimination to Casie Mathes (Employee Relations) via email on May 12, 2022.

22. Plaintiff also mentioned verbally to Parks that Plaintiff felt she was treating him differently because Plaintiff is older.

23. Plaintiff is unaware of any action(s) or escalation(s) of his verbal and written concerns of disparate treatment based upon his age.

24. Instead, Plaintiff was terminated on or about October 7, 2022 for allegedly failing to attain the goals set forth in his PIP, which was pretextually issued in the first instance.

25. There was nothing Plaintiff could do to satisfy alleged performance concerns that were pretextually identified in the first place, as Plaintiff's sales numbers and performance were already excellent.

26. It was obvious that the PIP was nothing more than the creation of a paper trail to justify Plaintiff's termination since nothing negative existed – from a personnel file standpoint – in the preceding ten (10) years of his employment, prior to Parks' supervision of Plaintiff.

27. Based on the foregoing, Plaintiff believes and avers that he was terminated from Defendant after over ten (10) years of dedicated service because of his advanced age and/or complaints of age discrimination.

## Count I
## Violations of the Age Discrimination in Employment Act ("ADEA")
([1] Age Discrimination; and [2] Retaliation)

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff believes and therefore avers that he was subjected to a hostile work through disparate and discriminatory treatment and discriminatory comments because of his advanced age.

30. During his employment, Plaintiff complained of age discrimination to Mathes and later to Parks. In close temporal proximity to Plaintiff's complaints of age discrimination, Defendant made the decision to terminate his employment.

31. Plaintiff therefore asserts that he was terminated because of his advanced age and/or his complaint of age discrimination.

32. These actions as aforesaid constitute unlawful discrimination and retaliation under the ADEA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress/pain and suffering);

D. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law; and

E. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
*Attorney for Plaintiff*

Dated: March 7, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

John Hopkins
v.

LexisNexis Risk Solutions, Inc. d/b/a LexisNexis

CIVIL ACTION

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 3/7/2023 | _(signature)_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 273 West Seven Stars Road, Phoenixville, PA 19460

Address of Defendant: 1000 Alderman Drive, Alpharetta, GA 30005

Place of Accident, Incident or Transaction: Defendant's place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/7/2023     *Attorney-at-Law / Pro Se Plaintiff*     ARK2484 / 91538     *Attorney I.D. # (if applicable)*

---

**CIVIL:** *(Place a √ in one category only)*

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify):* _____
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 3/7/2023     *Attorney-at-Law / Pro Se Plaintiff*     ARK2484 / 91538     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HOPKINS, JOHN

**DEFENDANTS**
LEXISNEXIS RISK SOLUTIONS, INC. D/B/A LEXISNEXIS

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Fulton
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment |  |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' Liability |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine / 368 Asbestos Personal Injury Product Liability |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 190 Other Contract | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 360 Other Personal Injury / 380 Other Personal Property Damage | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| 196 Franchise |  | 751 Family and Medical Leave Act | 864 SSID Title XVI | 890 Other Statutory Actions |
|  | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability |  | 865 RSI (405(g)) | 891 Agricultural Acts |
|  |  | 790 Other Labor Litigation |  | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment / 510 Motions to Vacate Sentence |  |  |  |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  |  | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other / **Other:** 540 Mandamus & Other | 462 Naturalization Application |  |  |
|  | 448 Education / 550 Civil Rights | 465 Other Immigration Actions |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA (29USC621)

Brief description of cause:
Violations of the ADEA and the PHRA..

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 3/7/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE